# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE COLLINS, | CASE NO. 1:09-cv-00673 GSA PC |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS TIME-BARRED |
| DERRAL ADAMS, et al., | |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |
| / | (ECF No. 1) |

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).

"Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Plaintiff's Claim**

Plaintiff claims that he was subjected to excessive force in violation of the Eighth Amendment.  Specifically, Plaintiff alleges that Defendant Correctional Officer (C/O)Tapia deliberately closed Plaintiff's cell door, crushing Plaintiff's arm.  Plaintiff alleges that, on December 27, 2003,  Plaintiff asked C/O Tapia if he could take his shower.  C/O Tapia, stationed in the control booth, opened Plaintiff's cell electronically in order for Plaintiff to retrieve his shower items.  Plaintiff, while in his cell, held his arm out, in clear view of C/O Tapia, to signal him to wait for Plaintiff to exit his cell.  Plaintiff alleges that C/O Tapia intentionally closed the cell door on Plaintiff's arm.

**A.    Statute of Limitations**

Federal law determines when a civil rights claim accrues. Elliott v. City of Union City, 25 F.3d 800, 801-802 (9th Cir. 1994).  Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of this action. Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996).  At the time Plaintiff's claim accrued, the statute of limitations was one year. Cal. Civ. Proc. Code § 340(3); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004)(Cal. Civ. Proc. § 335.1, extending the statute of limitations from one to two years, does not apply to claims that accrued prior to January 1, 2003).

In actions where the federal court borrows the state statute of limitations, the court should also borrow all applicable provisions for tolling the limitations period in state law. Hardin v. Straub, 490 U.S. 536, 539 (1989). Pursuant to California Code of Civil Procedure section 352.1, a two-year limit on tolling is imposed on prisoners.  Section 352.1 provides, in pertinent part, as follows:

(a) If a person entitled to bring an action, mentioned in Chapter 3

(commending with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Plaintiff was incarcerated at the time he filed suit and is entitled to application of the two year tolling provision. Plaintiff therefore had one year, plus two years for tolling, for a total of three years from December 27, 2003, in which to file suit. This action was initiated by civil complaint filed on April 15, 2009, over two years after the limitation period expired.

Although the statute of limitations is an affirmative defense that normally may not be raised by the Court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records, Franklin v. Murphy, 745 F.2d 1221, 1228-1230 (9th Cir. 1984). That is the case here: the defense appears complete and obvious from the face of the complaint.

Assuming any cause of action arose with Tapia's alleged conduct on December 27, 2003, over six years elapsed before the complaint was filed. Thus, any causes of action Plaintiff may assert are well outside the applicable statute of limitations period. Stated more plainly, Plaintiff had three years from the date of C/O Tapia's conduct in which to file suit. Plaintiff waited over five years until filing suit.

### III.  Conclusion and Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall show cause, within thirty days of the date of service of this order, why this action should not be dismissed as time-barred. Plaintiff's failure to file a timely response to this order to show cause will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   September 13, 2011                     /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE

3