# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE COLLINS, | 1:09-cv-00673-GSA-PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, AS TIME-BARRED (Doc. 1.) |
| v. | |
| TAPIA, et al., | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g) |
| Defendants. | ORDER DIRECTING CLERK TO CLOSE CASE |

## I. RELEVANT PROCEDURAL HISTORY

Jesse Collins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 15, 2009. (Doc. 1.) On April 24, 2009, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case, including trial and final judgment until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On March 30, 2010, Plaintiff filed the First Amended Complaint. (Doc. 10.) The Court screened the First Amended Complaint pursuant to 28 U.S.C. 1915A and found it obvious on the face of the complaint that Plaintiff's claim, based on his injury on December 27, 2003, is time-barred

1

under the statute of limitations. (Doc. 13.) The Court issued an Order to Show Cause on September 13, 2011, requiring Plaintiff to file a response showing cause why this case should not be dismissed as time-barred. Id. On February 8, 2012, Plaintiff filed a response to the Order to Show Cause. (Doc. 20.)

## II.    LEGAL STANDARDS

### A.    Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. While factual allegations are accepted as true, legal conclusions are not. Id. at 1949.

### B.    Statute of Limitations

Federal law determines when a claim accrues, and "under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999)); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d

918, 927 (2004); Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions requires that the claim be filed within 2 years. Cal. Code Civ. Proc. § 335; Jones, 393 F.3d at 927. In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See Hardin v. Straub, 490 U.S. 536, 539, 109 S. Ct. 1998, 2000 (1989). Pursuant to the California Code of Civil Procedure section 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Thus, incarcerated plaintiffs have four years from the date that the cause of action accrued in which to file suit, if the cause of action accrued while the plaintiff was incarcerated. The equitable tolling doctrine also tolls the statute of limitations while exhaustion occurs. Donoghue v. County of Orange, 848 F.2d 926, 930-31 (9th Cir. 1988); Addison v. State of California, 21 Cal.3d 313, 318 (1978). Additionally, whether an inmate is entitled to equitable tolling is decided by state law except to the extent that it is inconsistent with federal law. Jones, 393 F.3d at 927. Under California law equitable tolling is available where there is "timely notice, and lack of prejudice to the defendant, and reasonable and good faith conduct on the part of the plaintiff." Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1132 (9th Cir. 2001) (quoting Addison, 21 Cal.3d at 319). Equitable tolling applies "to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Jones, 393 F.3d at 927 (quoting Lantzy v. Centex Homes, 31 Cal.4th 363, (2003)). Application of equitable tolling "requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the . . . limitations statute." Jones, 393 F.3d at 927 (quoting Lantzy, 31 Cal.4th at 660)).

Although the statute of limitations is an affirmative defense that normally may not be raised by the Court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis

///

complaint where the defense is complete and obvious from the face of the pleadings or the court's own records, Franklin v. Murphy, 745 F.2d 1221, 1228-1230 (9th Cir. 1984).

### III. PLAINTIFF'S CLAIM

Plaintiff claims that he was subjected to excessive force in violation of the Eighth Amendment. Specifically, Plaintiff alleges that defendant C/O Tapia deliberately closed Plaintiff's cell door, crushing Plaintiff's arm. Plaintiff alleges that, on December 27, 2003, Plaintiff asked C/O Tapia if he could take his shower. C/O Tapia, stationed in the control booth, opened Plaintiff's cell electronically in order for Plaintiff to retrieve his shower items. Plaintiff, while in his cell, held his arm out, in clear view of C/O Tapia, to signal him to wait for Plaintiff to exit his cell. Plaintiff alleges that C/O Tapia intentionally closed the cell door on Plaintiff's arm.

### IV. DISCUSSION

In the Order to Show Cause, the Court found it obvious from the face of the complaint that because over five years elapsed between Plaintiff's date of injury, December 27, 2003, and the date the Complaint was filed, April 15, 2009, any causes of action Plaintiff may assert are well outside the applicable statute of limitations period, requiring dismissal of Plaintiff's case as time-barred.[1]

Plaintiff responds that this action should not be dismissed, because he was diligent in pursuing his claims. Plaintiff provides evidence that he exhausted his administrative remedies at the prison between January 6, 2004 and August 2, 2004; that he filed claims with the California Victim Compensation and Government Claims Board ("VCGCB") on January 9, 2006 and January 30, 2006; and that he submitted cases for filing at the Kings County Superior Court on March 2, 2005, March 17, 2005, April 8, 2005, June 6, 2005, September 28, 2005, November 4, 2005, and March 27, 2007, before filing the present action on April 15, 2009. (Response, Doc. 20 at pp. 21, 23, 29, 32, 34, 44, 48, 69, 109.) Plaintiff discusses each of the actions he took and the reasons for delays in his submission of various forms, claims, and complaints. Plaintiff contends that he was unable to file the present action earlier because of prison lockdowns, lack of adequate access to the law

---

[1]The Court stated that at the time Plaintiff's claim accrued, the statute of limitations was one year. (Order, Doc. 13 at 2:20.) However, because Plaintiff was injured in December 2003, the statute of limitations was actually two years. Cal. Civ. Proc. § 335.1 (extending the statute of limitations from one to two years for claims accruing on or after January 1, 2003).

4

library, other delays outside of his control, and his own lack of knowledge of legal procedures and deadlines.

Plaintiff does not dispute that his claim for injury accrued on December 27, 2003 when his arm was closed in the cell door. Based on the two-year California statute of limitations for personal injury actions, plus two years tolling for prisoners under California Code of Civil Procedure section 352.1, Plaintiff had four years from the date the claim accrued to file the present action. In addition, Plaintiff's time was tolled for six months and twenty-seven days while he exhausted his administrative remedies at the prison between January 6, 2004 and August 2, 2004. These four years, six months, and twenty-seven days extended the time until July 23, 2008 for Plaintiff to file this action. Plaintiff did not file the Complaint commencing this action until April 15, 2009.

Plaintiff is not entitled to equitable tolling during the time he attempted to file a claim at the VCGCB. Plaintiff's time was not tolled while he exhausted this remedy, because exhaustion never occurred. Plaintiff's evidence shows that the claims he submitted to the VCGCB were rejected as untimely and he never successfully completed the process.

Plaintiff is not entitled to equitable tolling based on his lack of knowledge about deadlines or procedures. Plaintiff admits that he did not know about his deadline to file a VCGCB claim, or about the superior court's requirements for filing an action, which caused delays. However, excusing Plaintiff for being uninformed about legal deadlines or procedures, without more, would be prejudicial to Defendants, and any injustice to Plaintiff due to his ignorance of the law is far outweighed by the public's interest in adhering to the limitations statute.

Plaintiff is not entitled to equitable tolling based on the fact that he was busy pursuing his claims at the superior court. The fact that Plaintiff used due diligence at the superior court does not excuse his lack of diligence in filing a timely complaint at the district court. Plaintiff has offered no reasonable explanation for his delay in filing this action. If Plaintiff believed he was required to file cases at the superior court before proceeding with a civil rights action at the federal court, he was misinformed. Plaintiff had approximately four years and seven months after his December 27, 2003 injury to file this action, and he waited more than five years, until April 15, 2009. Therefore,

///

1   Plaintiff failed to comply with the statute of limitations to file this action.  Accordingly, this action
2   shall be dismissed, with prejudice, as time-barred.

3   **IV.     CONCLUSION**

4          In light of the foregoing, it is HEREBY ORDERED that:

5          1.      This action is DISMISSED, with prejudice, as time-barred;

6          2.      This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. §
7                  1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and

8          3.      The Clerk is directed to close this case.

10         IT IS SO ORDERED.

11     **Dated:   May 23, 2012**                    /s/ **Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE