1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                              EASTERN DISTRICT OF CALIFORNIA

10

11    JESSE COLLINS,                              1:09-cv-00673-GSA-PC

12                         Plaintiff,             ORDER DISMISSING ACTION, WITH
                                                  PREJUDICE, AS TIME-BARRED
13         v.                                     (Doc. 1.)

14    TAPIA, et al.,                              ORDER THAT DISMISSAL IS SUBJECT
                                                  TO 28 U.S.C. § 1915(g)
15                         Defendants.
                                                  ORDER DIRECTING CLERK TO CLOSE
16                                                CASE

17    _____/

18    **I.     RELEVANT PROCEDURAL HISTORY**

19          Jesse Collins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with

20    this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this

21    action on April 15, 2009.  (Doc. 1.)  On April 24, 2009, Plaintiff consented to Magistrate Judge

22    jurisdiction in this action, and no other parties have made an appearance.  (Doc. 5.)  Therefore,

23    pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the

24    undersigned shall conduct any and all proceedings in the case, including trial and final judgment

25    until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

26          On March 30, 2010, Plaintiff filed the First Amended Complaint.  (Doc. 10.)  The Court

27    screened the First Amended Complaint pursuant to 28 U.S.C. 1915A and found it obvious on the

28    face of the complaint that Plaintiff's claim, based on his injury on December 27, 2003, is time-barred

                                                  1

1    under the statute of limitations.  (Doc. 13.)  The Court issued an Order to Show Cause on September

2    13, 2011, requiring Plaintiff to file a response showing cause why this case should not be dismissed

3    as time-barred.  Id.  On February 8, 2012, Plaintiff filed a response to the Order to Show Cause.

4    (Doc. 20.)

5    **II.      LEGAL STANDARDS**

6         **A.      Screening Requirement**

7         The court is required to screen complaints brought by prisoners seeking relief against a

8    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

9    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

10   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

11   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

12   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

13   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

14   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

15        A complaint must only contain "a short and plain statement of the claim showing that the

16   pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

17   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

18   conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell

19   Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set

20   forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.

21   While factual allegations are accepted as true, legal conclusions are not.  Id. at 1949.

22        **B.      Statute of Limitations**

23        Federal law determines when a claim accrues, and "under federal law, a claim accrues "when

24   the plaintiff knows or has reason to know of the injury which is the basis of the action."  Lukovsky

25   v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting Two Rivers v.

26   Lewis, 174 F.3d 987, 991 (9th Cir. 1999)); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999).  In

27   the absence of a specific statute of limitations, federal courts should apply the forum state's statute

28   of limitations for personal injury actions.  Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d

1   918, 927 (2004); Fink, 192 F.3d at 914.  California's statute of limitations for personal injury actions

2   requires that the claim be filed within 2 years.  Cal. Code Civ. Proc. § 335; Jones, 393 F.3d at 927.

3   In actions where the federal court borrows the state statute of limitation, the court should also borrow

4   all applicable provisions for tolling the limitations period found in state law.  See Hardin v. Straub,

5   490 U.S. 536, 539, 109 S. Ct. 1998, 2000 (1989).  Pursuant to the California Code of Civil Procedure

6   section 352.1, a two-year limit on tolling is imposed on prisoners.  Section 352.1 provides, in

7   pertinent part, as follows:

8           (a) If a person entitled to bring an action, . . . is, at the time the cause
            of action accrued, imprisoned on a criminal charge, or in execution
9           under the sentence of a criminal court for a term less than for life, the
            time of that disability is not a part of the time limited for the
10          commencement of the action, not to exceed two years.

11          Thus, incarcerated plaintiffs have four years from the date that the cause of action accrued

12  in which to file suit, if the cause of action accrued while the plaintiff was incarcerated.  The equitable

13  tolling doctrine also tolls the statute of limitations while exhaustion occurs.  Donoghue v. County

14  of Orange, 848 F.2d 926, 930-31 (9th Cir. 1988); Addison v. State of California, 21 Cal.3d 313, 318

15  (1978).  Additionally, whether an inmate is entitled to equitable tolling is decided by state law except

16  to the extent that it is inconsistent with federal law.  Jones, 393 F.3d at 927.  Under California law

17  equitable tolling is available where there is "timely notice, and lack of prejudice to the defendant,

18  and reasonable and good faith conduct on the part of the plaintiff."   Daviton v. Columbia/HCA

19  Healthcare Corp., 241 F.3d 1131, 1132 (9th Cir. 2001) (quoting Addison, 21 Cal.3d at 319).

20  Equitable tolling applies "to suspend or extend a statute of limitations as necessary to ensure

21  fundamental practicality and fairness."  Jones, 393 F.3d at 927 (quoting Lantzy v. Centex Homes,

22  31 Cal.4th 363, (2003)).  Application of equitable tolling "requires a balancing of the injustice to the

23  plaintiff occasioned by the bar of his claim against the effect upon the important public interest or

24  policy expressed by the . . . limitations statute."  Jones, 393 F.3d at 927 (quoting Lantzy, 31 Cal.4th

25  at 660)).

26          Although the statute of limitations is an affirmative defense that normally may not be raised

27  by the Court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis

28  ///

3

1  complaint where the defense is complete and obvious from the face of the pleadings or the court's

2  own records, Franklin v. Murphy, 745 F.2d 1221, 1228-1230 (9th Cir. 1984).

3  **III.    PLAINTIFF'S CLAIM**

4      Plaintiff claims that he was subjected to excessive force in violation of the Eighth

5  Amendment. Specifically, Plaintiff alleges that defendant C/O Tapia deliberately closed Plaintiff's

6  cell door, crushing Plaintiff's arm.  Plaintiff alleges that, on December 27, 2003, Plaintiff asked C/O

7  Tapia if he could take his shower. C/O Tapia, stationed in the control booth, opened Plaintiff's cell

8  electronically in order for Plaintiff to retrieve his shower items.  Plaintiff, while in his cell, held his

9  arm out, in clear view of C/O Tapia, to signal him to wait for Plaintiff to exit his cell. Plaintiff

10 alleges that C/O Tapia intentionally closed the cell door on Plaintiff's arm.

11 **IV.    DISCUSSION**

12     In the Order to Show Cause, the Court found it obvious from the face of the complaint that

13 because over five years elapsed between Plaintiff's date of injury, December 27, 2003, and the date

14 the Complaint was filed, April 15, 2009, any causes of action Plaintiff may assert are well outside

15 the applicable statute of limitations period, requiring dismissal of Plaintiff's case as time-barred.[1]

16     Plaintiff responds that this action should not be dismissed, because he was diligent in

17 pursuing his claims.  Plaintiff provides evidence that he exhausted his administrative remedies at the

18 prison between January 6, 2004 and August 2, 2004; that he filed claims with the California Victim

19 Compensation and Government Claims Board ("VCGCB") on January 9, 2006 and January 30,

20 2006; and that he submitted cases for filing at the Kings County Superior Court on March 2, 2005,

21 March 17, 2005, April 8, 2005, June 6, 2005, September 28, 2005, November 4, 2005, and March

22 27, 2007, before filing the present action on April 15, 2009.  (Response, Doc. 20 at pp. 21, 23, 29,

23 32, 34, 44, 48, 69, 109.)  Plaintiff discusses each of the actions he took and the reasons for delays

24 in his submission of various forms, claims, and complaints.  Plaintiff contends that he was unable

25 to file the present action earlier because of prison lockdowns, lack of adequate access to the law

26

27     [1]The Court stated that at the time Plaintiff's claim accrued, the statute of limitations was one year.  (Order, Doc. 13 at 2:20.)  However, because Plaintiff was injured in December 2003, the statute of limitations was actually

28 two years.  Cal. Civ. Proc. § 335.1 (extending the statute of limitations from one to two years for claims accruing on or after January 1, 2003).

1    library, other delays outside of his control, and his own lack of knowledge of legal procedures and

2    deadlines.

3         Plaintiff does not dispute that his claim for injury accrued on December 27, 2003 when his

4    arm was closed in the cell door.  Based on the two-year California statute of limitations for personal

5    injury actions, plus two years tolling for prisoners under California Code of Civil Procedure section

6    352.1, Plaintiff had four years from the date the claim accrued to file the present action.  In addition,

7    Plaintiff's time was tolled for six months and twenty-seven days while he exhausted his

8    administrative remedies at the prison between January 6, 2004 and August 2, 2004.  These four

9    years, six months, and twenty-seven days extended the time until July 23, 2008 for Plaintiff to file

10   this action.  Plaintiff did not file the Complaint commencing this action until April 15, 2009.

11        Plaintiff is not entitled to equitable tolling during the time he attempted to file a claim at the

12   VCGCB.  Plaintiff's time was not tolled while he exhausted this remedy, because exhaustion never

13   occurred.   Plaintiff's evidence shows that the claims he submitted to the VCGCB were rejected as

14   untimely and he never successfully completed the process.

15        Plaintiff is not entitled to equitable tolling based on his lack of knowledge about deadlines

16   or procedures.  Plaintiff admits that he did not know about his deadline to file a VCGCB claim, or

17   about the superior court's requirements for filing an action, which caused delays.  However, excusing

18   Plaintiff for being uninformed about legal deadlines or procedures, without more, would be

19   prejudicial to Defendants, and any injustice to Plaintiff due to his ignorance of the law is far

20   outweighed by the public's interest in adhering to the limitations statute.

21        Plaintiff is not entitled to equitable tolling based on the fact that he was busy pursuing his

22   claims at the superior court.  The fact that Plaintiff used due diligence at the superior court does not

23   excuse his lack of diligence in filing a timely complaint at the district court.  Plaintiff has offered no

24   reasonable explanation for his delay in filing this action.  If Plaintiff believed he was required to file

25   cases at the superior court before proceeding with a civil rights action at the federal court, he was

26   misinformed.  Plaintiff had approximately four years and seven months after his December 27, 2003

27   injury to file this action, and he waited more than five years, until April 15, 2009.  Therefore,

28   ///

1    Plaintiff failed to comply with the statute of limitations to file this action.  Accordingly, this action

2    shall be dismissed, with prejudice, as time-barred.

3    **IV.      CONCLUSION**

4            In light of the foregoing, it is HEREBY ORDERED that:

5            1.       This action is DISMISSED, with prejudice, as time-barred;

6            2.       This dismissal is subject to the "three-strikes" provision set forth  in 28 U.S.C. §

7                     1915(g). <u>Silva v. Vittorio</u>, 658 F.3d 1090, 1098 (9th Cir. 2011); and

8            3.       The Clerk is directed to close this case.

9

10           IT IS SO ORDERED.

11       **Dated:     May 23, 2012**                    <u>        /s/ **Gary S. Austin**        </u>
                                                        UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6